1

2

3

4

5          UNITED STATES DISTRICT COURT

6        FOR THE EASTERN DISTRICT OF CALIFORNIA

7

8    JASON CHARLES KOPP,                    Case No.   2:22-cv-00280-TLN-JDP (HC)

9              Petitioner,                  FINDINGS AND RECOMMENDATIONS
                                            THAT RESPONDENT'S MOTION TO
10        v.                                DISMISS BE GRANTED

11   MARTINEZ,                              OBJECTIONS DUE IN FOURTEEN DAYS

12             Respondent.                  ECF No. 9

13

14          Petitioner Jason Charles Kopp, a state prisoner, filed a petition for a writ of habeas corpus

15   under 28 U.S.C. § 2254.  Respondent moves to dismiss the petition, ECF No. 9, arguing that it is

16   time-barred and, separately, that two of the claims are unexhausted.  I find that the petition is

17   time-barred and recommend dismissal on that basis.

18          No habeas rule specifically applies to motions to dismiss.  *See Hillery v. Pulley*, 533 F.

19   Supp. 1189, 1194 (E.D. Cal. 1982) ("Motion practice in habeas corpus is not specifically

20   provided for in the rules but must be inferred from their structure and the Advisory Committee

21   Notes.").  The Ninth Circuit construes a motion to dismiss a habeas petition as a request for the

22   court to dismiss under Rule 4 of the Rules Governing § 2254 Cases, however. *See O'Bremski v.

23   Maass,* 915 F.2d 418, 420 (9th Cir. 1991).  Under Rule 4, I evaluate whether it "plainly appears"

24   that the petitioner is not entitled to relief and, if so, recommend dismissal of the petition.

25          Respondent argues that this petition was not timely filed, and I agree.  Petitioner's

26   conviction was finalized on June 14, 2019—sixty days after his April 15, 2019 sentencing—and

27   the period for filing an appeal expired at that time.  ECF No. 11-1; *see Stancle v. Clay*, 692 F.3d

28   948, 951 (9th Cir. 2012) (noting the sixty-day appeal period).  Under the Anti-Terrorism and

1

Effective Death Penalty Act ("AEDPA"), petitioner had until June 14, 2020, plus any applicable tolling period, to file his federal habeas petition.

Properly filed state habeas petitions toll the one-year statute of limitations period. 28 U.S.C. § 2244(d)(2).  Petitioner filed his first state habeas petition on February 27, 2020—257 days after his conviction was finalized.  ECF No. 11-2 at 6.  As respondent points out, no tolling occurred during that 257-day period in which no petition was pending in state court.  Petitioner filed additional state habeas petitions after the first was denied, and respondent concedes that, after the first petition was filed, the statute of limitations was tolled until the denial of the third state petition on August 26, 2020.  ECF No. 11-7.  That period of tolling ran 182 days, from February 27, 2020, to August 26, 2020.

Petitioner's fourth state habeas petition, filed in the California Supreme Court on November 12, 2020, was denied as successive on January 20, 2021.  ECF No. 11-9.  As respondent correctly argues, petitioner is not entitled to any tolling for a successive petition insofar as it is not properly filed.  *See Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010) ("For tolling to be applied based on a second round, the petition cannot be untimely or an improper successive petition.").  Thus, AEDPA's statute of limitations expired on December 13, 2020—108 days after the denial of the third state petition.  The state petitions filed after this date do not result in tolling.  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).  The petition in this court was not filed until February 4, 2022, and thus is time-barred.  ECF No. 1 at 15.

For his part, petitioner does not contest the timeline or otherwise argue that his petition is timely.  Rather, his opposition argues that he is actually innocent of the crimes of which he was convicted and that the conditions of his confinement during the pandemic made a timely filing impossible.  ECF Nos. 19 & 20.[1]  As to the claim of actual innocence, petitioner has provided no evidence, beyond his own conclusory assertions, to support his claim.  *See Schlup v. Delo*, 513 U.S. 298, 314 (1995) (holding that a claim of actual innocence must be supported by "new

---

[1] Petitioner has filed both an original opposition, ECF No. 19, and a supplement, ECF No. 20.  Although the second filing is not authorized by the local rules, I have considered both out of an abundance of caution.

reliable evidence whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial.").  As to his claims regarding his inability to file, respondent correctly points out that petitioner filed numerous state habeas petitions during the pandemic years.  *See* ECF Nos. 11-2, 11-4, 11-6, & 11-8.  Thus, his argument that he could not file a timely federal petition is unconvincing.

I recommend that respondent's motion to dismiss ECF No. 9, be GRANTED, and that the petition be dismissed as time-barred.

These findings and recommendations are submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304.  Within fourteen days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties.  That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:    November 29, 2022                    _____
                                              JEREMY D. PETERSON
                                              UNITED STATES MAGISTRATE JUDGE